972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Silvio HERNANDEZ, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 91-16688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Silvio Hernandez, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for attempted residential burglary. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Hernandez first argues that the trial court erred by denying his suppression motion. Because he had a full and fair opportunity to present his fourth amendment claims at trial and on direct appeal, he may not raise them in a federal habeas corpus petition. See Stone v. Powell, 428 U.S. 465, 481 & n. 16, 494 (1976).
 
 
 4
 Hernandez next argues that the prosecutor commented on his failure to testify, thereby infringing his fifth amendment privilege against self-incrimination in violation of Griffin v. California, 380 U.S. 609, 615 (1965). This argument fails.
 
 
 5
 A defendant's fifth amendment privilege against self-incrimination bars a prosecutor from commenting on the defendant's failure to testify. Id. at 615. The prosecutor may comment, however, on the defense's failure to call witnesses or contradict evidence introduced by the prosecution as long as the comments are not "manifestly intended to call attention to the defendant's own failure to testify." United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (quoting United States v. Bagley, 772 F.2d 482, 494 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986)).
 
 
 6
 Prosecutorial misconduct is grounds for federal habeas corpus relief only if the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Thus, habeas relief is not warranted "when the prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as a basis of conviction, and is followed by curative instructions." Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987).
 
 
 7
 Here, during closing argument, the prosecutor asked rhetorically, "have we heard any evidence presented by the defense as to why, what legitimate purpose the defendant had in being there? No. Have we heard any legitimate reason why all those items of jewelry are found in his car?" The defense objected, and the prosecutor explained that he did not intend to comment upon Hernandez's failure to testify. The trial court then cautioned the jury that "[t]he defense is not required to introduce any evidence demonstrating that he is not guilty." The trial court subsequently instructed the jury that the state must prove all elements of the crime beyond a reasonable doubt, that "it is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify," and that the jury "must not draw any inference from the fact that he does not testify."
 
 
 8
 We agree with the district court that habeas relief is unavailable for the alleged prosecutorial misconduct. The prosecutor commented on the defense's failure to contradict evidence, not Hernandez's failure to testify. See Cabrillo, 866 F.2d 1083. Even if the prosecutor's remarks were improper, they were a single, isolated incident, and the trial court gave curative instructions. See Lincoln, 807 F.2d 809. Finally, the evidence against Hernandez was overwhelming. We conclude that the prosecutor's remarks did not so infect the trial with unfairness that Hernandez was denied due process. See Darden, 477 U.S. at 181.
 
 
 9
 Hernandez next contends that his conviction for attempted residential burglary is invalid because the jury did not specify the degree of the burglary he attempted. This contention is meritless. On direct appeal, the California Court of Appeal stated that the jury's verdict specified "attempted residential burglary" and that burglary of an inhabited dwelling "in all cases is burglary of the first degree." The court then held that "[t]he jury's finding of an 'attempted residential burglary' was equivalent to a finding of first degree attempted burglary." We agree with the district court that Hernandez fails to state a federal claim cognizable by writ of habeas corpus.
 
 
 10
 For the first time on appeal, Hernandez contends that (1) his counsel rendered him ineffective assistance by failing to litigate his fourth amendment claims adequately and (2) the prosecutor knowingly used perjured testimony of police officers at the suppression hearing and at his trial. Because Hernandez did not raise these claims in the district court, we decline to consider them. See United States v. Oregon, 769 F.2d 1410, 1415 (9th Cir.1985).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3